SAMUEL BLOCK, PLAINTIFF AND APPELLEE, v. UNITED STATES EXPRESS COMPANY, DEFENDANT AND APPELLANT.

Submitted June 4, 1907—Decided November 11, 1907.

The plaintiff shipped goods by an express company. The company promptly and safely carried the goods to the consignee, who refused to receive them, whereupon the company immediately placed the goods in their "on hand department," notified the consignee that they were there held at the owner's risk, but failed to notify the consignor. About six months thereafter the consignor inquired of the express company and was informed that the goods were so held by the company. Without making any demand for the goods, or offering to receive them, the plaintiff brought this suit for damages on account of the failure to deliver the goods. At the trial the express company tendered the goods to the plaintiff, who refused to receive them. *Held,* that a verdict for the full value of the goods must be set aside.

---

On appeal from the Second District Court of Jersey City.

Before Justices HENDRICKSON, PITNEY and TRENCHARD.

For the appellant, *McDermott & Enright*.

For the appellee, *Douglas D. T. Story* and *Louis G. Morten*.

The opinion of the court was delivered by

TRENCHARD, J.   This is an appeal from a judgment of the Second District Court of Jersey City in favor of the plaintiff below, Samuel Block, against the United States Express Company.

It was an action upon contract for damages claimed by the plaintiff on account of the defendant's failure to deliver a package of clothing which was shipped by the plaintiff through the defendant express company from its Bayonne office on June 8th, 1906, consigned to N. Levy & Son, 174 Canal street, New York City.   The clothing was valued at $75, and there was evidence at the trial to show that this was its true value.

The agent of the company gave to the plaintiff a customary receipt, which contained, among other clauses, a provision that the company should not be liable for any loss or damage unless written claim should be presented within sixty days after the date of the receipt, in a statement to which the receipt should be annexed.

The defendant company promptly and safely carried the package to the consignee, who refused to receive it, whereupon the company, on June 10th, 1906, sent the package to its "on hand department" in the city of New York, and notified the consignee that it had the package on hand, and that it was held at the owner's risk.   The defendant failed to notify the consignor of the refusal of the consignee to receive the package, and retained possession thereof until the trial of this action, when it brought the package into court and tendered the same to the plaintiff, who refused to receive it.

The package contained certain suits of clothing purchased in July, 1905, by the plaintiff of Levy & Son.   The plaintiff was sued by Levy & Son for the clothing, and compelled to pay for the same and the costs of the suit.

Inquiry and claim was first made of the defendant company

by the plaintiff in November or December, 1906, after plaintiff was sued for the goods by Levy & Son, and the plaintiff was informed that the goods had been delivered, and was referred to defendant company's New York claim department, where he was at first informed that the goods had been delivered, but, on an investigation, that the goods were yet on hand. On January 17th, 1907, the plaintiff's attorney wrote to defendant company a letter, mentioning that the package was in the defendant company's hands, and that while the consignee had been notified of the holding, the consignor never had been. The latter states : "From the facts we consider your company liable to us, and if your company desires to settle, I would be pleased to see your representative," &c.

Upon the trial before the District Court judge, without a jury, the foregoing facts, with others, appeared, and at the close of the case defendant company moved for a judgment in its favor on the grounds (1) that the plaintiff was barred by his failure to make a claim within sixty days; (2) that the defendant company had fully performed its contract by carrying the goods promptly to the consignee and tendering same to him, and, on his refusal to accept the same, by safely storing the goods; (3) that no damages had been shown; (4) that the plaintiff in this action upon contract, upon his own theory that the express company was bound to notify the consignor of the refusal of the consignee to accept, was limited to the amount of damages sustained by reason of the defendant company's failure to give such notice, and that the amount of such damages would be the depreciation in the value of the merchandise between the time of consignee's refusal to accept the same and the time when plaintiff ascertained the whereabouts of the goods, or, at most, between the time of consignee's refusal and the time of suit.

The court denied defendant's motion and gave judgment for the plaintiff for the sum of $75 damages, being the value of the goods in the package as stated in defendant's receipt.

We think the case must be treated strictly as an action for breach of the contract. Of course, the plaintiff did not lose his right to his property by the fact that it was not delivered, or

delivery not accepted, and if he had at any time demanded possession of the goods the express company would have been required either to deliver them to him or to answer for the conversion of them. If on such demand the goods had been delivered by the company to the plaintiff, then the question whether defendant was answerable in an action upon contract for damages arising from the detention of the goods would depend upon two questions, viz., (*a*) whether it was an implied term of the contract that if the consignee refuses to accept, the carrier would notify the consignor (see 12 *Am. & Eng. Encycl. L.* (*2d ed.*) 555, 557; *American Sugar Refining Co.* v. *McGhee,* 96 *Ga.* 27; *American Merchants Union Express Co.* v. *Wolf,* 79 *Ill.* 430), and (*b*) whether Block was barred from recovery by his failure to make claim in writing within sixty days. See 6 *Cyc.* 506, and cases cited.

But the determination of this appeal does not require a consideration of those questions, for the reason that there was clearly error with respect to the amount of damages allowed. The damages were improperly based on the value of the goods. Defendant's insistence as to the limitation of damages was sufficiently presented to the mind of the trial judge, and although that insistence was not properly the basis of a motion for judgment in favor of the defendant, but only of a motion for a limitation of the damages, it ought, we think, to have been acceded to by the trial judge.

It will not do to say, because Block was required by Levy & Son to pay the value of the goods as having been purchased by him from them, that therefore the defendant company ought to respond to Block in this amount; nor to say that because Block had gone out of the clothing business in the meantime, as appears from the state of the case, that therefore the contents of the package were of no value to him. They would still possess their fair market value, whether he was in the clothing business or not, and in any aspect the full value of the goods could not be allowed as damages in an action upon contract for the detention of them.

The result is that the judgment below should be reversed and a *venire de novo* awarded.